UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TRUCK PARTS & TIRE INC., § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| MT. HAWLEY INSURANCE § | | |
| COMPANY, § | | |
|    Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TEXAS TRUCK PARTS & TIRE, INC. files this Original Complaint against MT. HAWLEY INSURANCE COMPANY for failing to make payments required by an insurance policy for covered losses caused by Hurricane Harvey.

### PARTIES

1. Plaintiff Texas Truck Parts & Tire, Inc. is a Texas corporation with its principal place of business located at 2802 North Wayside Drive, Houston, Texas 77020. Plaintiff is a citizen of Texas.

2. Defendant Mt. Hawley Insurance Company is an Illinois corporation with its principal place of business in Peoria, Illinois. Mt. Hawley is a citizen of Illinois. Mt. Hawley may be served in any manner authorized by the Policy or the Federal Rules of Civil Procedure, including by service of the complaint to 9025 North Lindbergh Drive, Peoria, Illinois 61615 as specified in the Policy.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and more than $75,000 is in controversy.

4. Venue is proper in the Southern District of Texas, Houston Division, because the damage to the Property occurred in this district, the demand for payment under the Policy was made from this district, and payment was due to the Insured in this district. Therefore, a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BREACH OF CONTRACT

5. On or about August 19, 2017, Texas Truck Parts & Tire, Inc. (the "Insured") obtained an insurance policy (the "Policy") from Mt. Hawley Insurance Company (the "Insurer") covering the Insured's property located on North Wayside Drive, Houston, Texas 77020 (the "Property").

6. On or about August 26, 2017, during Hurricane Harvey, the Property sustained hundreds of thousands of dollars of damage or loss covered by the Policy. The causation assessment of Becker Engineering, which shows that the damage or loss was the result of an event considered a covered loss under the Policy, is attached as Exhibit 1.

7. On or before September 18, 2017, the Insured submitted a claim to the Insurer for the damage or loss sustained during Hurricane Harvey. The Insured satisfied all obligations and conditions precedent under the Policy, including submitting the applicable proof of loss, permitting an inspection of the Property on or about September 22, 2017, and providing the documentation supporting the claim. The damage report of Poynor Group reflecting the hundreds of thousands of dollars in damage or loss to the Property is attached as Exhibit 2.

8. The Insurer wrongly denied the Insured's claim under the Policy. The Insurer now refuses to pay the full amount due under the Policy to the Insured. By failing to make the required payments, the Insurer has breached the terms of the Policy, proximately causing the Insured to suffer damage.

9. The Insured seeks a monetary judgment for the full amount due under the Policy plus reasonable and necessary attorney's fees, pre- and post-judgment interest, and any statutory damages permitted by applicable law.

## RESERVATION OF RIGHTS

10. Based on the timing of the Policy's issuance and the potentially frivolous bases for denial of coverage provided by the Insurer, the Insurer's denial of coverage may have been in bad faith, involved negligent or knowing misrepresentations, violated the Insurer's common law duties, and violated statutory requirements of the Texas Insurance Code. Discovery is needed to ascertain whether and the extent to which the Insurer is liable for extracontractual claims. The Insured reserves all rights to amend to include extracontractual claims that will "relate back" to this filing if supported by the facts revealed in discovery.

## PRAYER

11. Plaintiff demands this case be tried to a jury on all issues so triable. Plaintiff requests the Court enter judgment that Defendant is liable to Plaintiff for breach of contract and that Plaintiff is entitled to recover all actual damages, attorney's fees, costs of court, pre- and post-judgment interest, or any other damages recoverable by Texas law.

Respectfully submitted,

*/s/ Ethan G. Gibson*
Ethan G. Gibson
Texas State Bar No. 24073131
Southern District of Texas No. 1145802
egibson@fulkersonlotz.com
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
Telephone: 713.654.5834
Facsimile: 713.654.5801

ATTORNEY-IN-CHARGE FOR PLAINTIFF

Nick Brown
Texas State Bar No. 24092182
Southern District of Texas No. 2725667
nbrown@fulkersonlotz.com
FULKERSON LOTZ LLP
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
Telephone: 713.654.5845
Facsimile: 713.654.5801

OF COUNSEL FOR PLAINTIFF